Tucker, P.
The only question upon this appeal, is as to the construction of the codicil to the will of Martin Dawson; and that question seems to me to be without difficulty. It cannot be denied, that so far as the codicil contains a disposition of the testator’s property, different from the will, or modifying its provisions, the will must yield, although the codicil contains no clause of revocation. But, I take it, the codicil is to be considered a revocation to that extent only; for a codicil (so expressed to be upon its face) is designed to be a part of the will already made, and not a new and independent instrument. It may add to, take from, or modify and restrain, the dispositions of the will, but so far as the will can stand consistently with the codicil, so far is it unrevoked by it, unless there be an express revocation. Willet v. Sandford, 1 Ves. sen. *607 178. 186. Ld. Carrington v. Payne, 5 Ves. jun. 404. Beckett v. Harden, 4 Mau. & Selw. 1. With this simpie proposition premised, let us proceed to consider the Case.
By the second clause of the will, the testator’s slaves are directed to be emancipated, and twelve months are given for them to elect to be sold or to be free ; and for that object the estate is directed to remain together for twelve months. By the sixteenth and seventeenth clauses, the balance of the testator’s estate, after certain bequests, is directed to be used by the executors in the erection of three seminaries of learning, and if that object cannot be effected, then the whole is to be used for the benefit of The Literary Fund; and by the last clause of the will, the executors are invested with a complete authority to sell. The Belle Air estate is a part of the properly thus disposed of. Two years after the will was made, the testator added the codicil. It is declared to be a codicil, and begins as if continuing the dispositions of the will, thus: “ And my Belle Air estate I give to my nephew Benjamin Dawson for the equitable support and maintenance of the slave papulation thereon.” It is to my mind very clear, that the testator, by this devise, designed no benefit to, or charge upon, Benjamin Dawson. The words are loo plain to admit of doubt. He devises the estate to Dawson—for his own benefit ? By no means; but “ for the equitable support of the slaves thereon,” which were the very slaves he bad directed to be emancipated. It was a trust for their support, until the time when their emancipation, or sale, was to take place, which was to be within twelve months. There is nothing from which any provision in favour of Dawson can be implied. The purpose and object of the gift have no reference to him; they refer to the slaves alone : and if he failed to fulfil the trust, it might have been enforced, if not by the slaves, by the executor, since unless sup *608 ported by Dawson, according to the will, tbe burden would fall upon him. It is said, that the testator, in former wills, had made provision for Dawson; but the inference from that fact is more than balanced by the pretermission of him in the will of 1833, which remained two years without alteration. It is said, too, that the word for often signifies in consideration of, and so the codicil gives the Belle Air estate to Dawson, in consideration of his support and maintenance of the slaves: but, in this connexion, the word for clearly expresses nothing more than the purpose of the gift, and that purpose was to provide for the slaves. It does not imply a gift of the absolute property in a fine estate, for the paltry consideration of supporting the slaves upon it for one year.
Dawson then took no beneficial interest in the property. Being only a trustee, what estate did he take ? Was it a fee, or a less estate ? I am clearly of opinion that the title he acquired was only commensurate with the purpose of the trust, Doe v. Simpson, 5 East 162. Doe v. Nicholls, 1 Barn. & Cress. 336. 8 Eng. C. L. R. 92. the purpose, namely, of maintaining the slaves for the year within which they were to be emancipated or sold. This purpose limits the quantity of estate which he took, and controls the construction which would otherwise have given him a fee, either from the effect of the word estate, or from the operation of our statute dispensing with words of inheritance, 1 Rev. Code, ch. 99. § 27. p. 369.
Upon the whole, I am of opinion, that the construction of the circuit superior court as to the meaning and effect of the codicil, is substantially right, and that the decree should be affirmed.
Brooke and Cabell, J. concurred. Decree affirmed.